# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD F. GOSS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-00566-WS-B |
| | ) | |
| SOUTHERN CONSTRUCTION GROUP, LLC, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The parties to this FLSA case have filed a joint motion for settlement approval. (Doc. 23). As the parties recognize, "[o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

The parties assure the Court that their settlement is fair and reasonable, but they have provided the Court nothing from which the Court could draw that conclusion. They say they have submitted "[s]upporting documentation," but they have not in fact done so. And they have neither disclosed the terms of the settlement nor explained how the settlement terms (whatever they be) are fair and reasonable under the circumstances. Moreover, because they have not provided their settlement agreement, the Court cannot determine whether it includes any ancillary provisions that require special scrutiny. *See generally Crabtree v.*

*Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013) (discussing special issues concerning confidentiality clauses, pervasive releases and attorney's fees).

The parties acknowledge that *Lynn's Food Stores* requires entry of a stipulated judgment.[1]  Their proposed final judgment, however, does not award any sum to either plaintiff or identify the amount of attorney's fees awarded. Instead, it recites only that the defendant "shall pay the amounts set forth" in the settlement agreement.  It is not clear that a money judgment that does not articulate the sum awarded constitutes a "judgment" under Rules 54(a) and 58(a), but it certainly butts heads with the "public's independent interest in assuring that employee's wages are fair." *Crabtree*, 2013 WL 593500 at * 5 (internal quotes omitted).

For the reasons set forth above, the parties' joint motion for settlement approval is **denied**.  The parties are **ordered** to file, on or before **April 14, 2014**, a second such motion, properly supported as required by law and this opinion.


DONE and ORDERED this 31st day of March, 2014.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *Accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (under *Lynn's Food Stores*, an FLSA settlement not made under the supervision of the Secretary of Labor "is *valid only if* the district court entered a 'stipulated judgment' approving it") (emphasis added); *Mayer v. Wall Street Equity Group, Inc.*, 514 Fed. Appx. 929, 935 (11th Cir. 2013) (dismissal of FLSA case was invalid where it "d[id] not satisfy the FLSA's general 'judgment' requirement, see 29 U.S.C. § 216(b), or our *specific requirement of a stipulated judgment* or consent decree enforcing a settlement") (emphasis added).