IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD F. GOSS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION 13-0566-WS-B |
| SOUTHERN CONSTRUCTION GROUP, LLC, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the parties' amended motion for settlement approval. (Doc. 25). The Court has conducted the review required by *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and finds that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The Court has also conducted the review of ancillary provisions required by *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), and finds that the confidentiality clause, release, and attorney's fees (which fees were negotiated separately from the plaintiffs' payments and only after the defendant extended its make-whole offer) pass muster.

Accordingly, and for the additional reasons set forth in the amended motion for settlement approval and exhibits thereto, the motion is **granted**. This action is **dismissed with prejudice**. Judgment shall be entered accordingly by separate order.[1]

---

[1] By previous order, the Court disapproved the parties' proposed stipulated judgment, on the grounds that it stated only that the defendant would make payments as set forth in the settlement agreement, this generalized language in apparent contravention of Rules 54(a) and 58(a), *Lynn's Food Stores*, and the public interest in assuring that employees' wages are fair. (Doc. 24). Such a judgment would also risk a judicial retention of jurisdiction to police breaches of the settlement agreement, *see Kokkonen v.*

DONE and ORDERED this 11th day of April, 2014.

                                    s/ WILLIAM H. STEELE
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

*Guardian Life Insurance Co. of America*, 511 U.S. 375, 381 (1994), an obligation the Court has no intention of undertaking. Despite these objections, the parties have re-submitted, without explanation or justification, a proposed judgment identical to the original version. The Court declines to enter the proposed judgment and will instead enter judgment in the standard form.